UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY ALLEN ROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AUTUMN BROWN, CORRECTIONAL ) | |
| OFFICER CARLILE, DEBBIE ) | Case No. 1:11-cv-01110-TWP-DKL |
| WALLEN, DOCTOR MITCHIEF, ) | |
| MARY MANSFIELD, SERGEANT ) | |
| FLOCKHART, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's Jeffery Allen Rowe ("Mr. Rowe"), Motion for Partial Summary Judgment. On January 15, 2011, while an inmate at the Pendleton Correctional Facility ("Pendleton"), Mr. Rowe strained his back while lifting his property box. Believing that the Defendants' responses, in particular those of Debbie Wallen ("Nurse Wallen"), were constitutionally inadequate, Mr. Rowe filed this civil rights action.

Mr. Rowe now seeks partial summary judgment in his favor against Nurse Wallen as to the claim that she was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. For the reasons explained below, Mr. Rowe's Motion for Partial Summary Judgment (Dkt. 24) is **DENIED.**

**I. STANDARD OF REVIEW**

The motion for partial summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he inquiry involved in a ruling on a motion for summary judgment . . . necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Id.* at 252). Even if no genuine issue of material fact is present, summary judgment is not appropriate unless the governing law supports the moving party's position. Fed. R. Civ. P. 56(c) (requiring the moving party to show that it Ais entitled to judgment as a matter of law@).

In this case, Nurse Wallen failed (without explanation) to timely respond to the motion for partial summary judgment. See Dkts. 45 and 48. In response to this Court's Order to Show Cause, Nurse Wallen failed to address why her response was untimely and failed to seek an extension of time to file her response. See Fed. R. Civ. P. 6(b). By not properly responding to the motion for summary judgment, this Defendant has conceded Mr. Rowe's version of the facts for the purpose of this motion. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This is the result of Local Rule 56-1(f). This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. MATERIAL FACTS

The following facts are not in dispute:

1. On January 15, 2011, at 5:30 p.m., Mr. Rowe strained his back while lifting his property box causing him excruciating pain and limiting his mobility.

2. At about 9:30 p.m. that same evening, Debbie Wallen, a nurse employed at Pendleton, stopped at Mr. Rowe's cell to dispense his medications. At that time, Mr. Rowe

informed her of his back injury. He told her how badly it hurt and asked for immediate emergency medical treatment.

3. Without looking at or inspecting Mr. Rowe's back, Nurse Wallen told Mr. Rowe that she could only treat prisoners "about to die" and that since Mr. Rowe's back injury was not in that category, Mr. Rowe would have to submit a Health Care Request Form ("HCRF").

4. On January 17, 2011, Mr. Rowe was seen by a nurse at triage for his back injury and the nurse gave Mr. Rowe a starter pack of Motrin to treat the pain and swelling.

5. Between the time of the injury on January 15, 2011, and January 17, 2011, Mr. Rowe experienced physical pain and mental and emotional discomfort.

### III.  DISCUSSION

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50.

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

> A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

*Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (internal quotation and citations omitted). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (citation and internal quotations omitted). But not "every ache or pain" is sufficient to constitute a serious medical need. *See, e.g., Gutierrez*, 111 F.3d at 1372 (stating that failure to treat a common cold does not support a deliberate indifference claim); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (stating that a prison medical staff's refusal to treat minor "ailments for which many people who are not in prison do not seek medical attention-does not by its refusal violate the Constitution"). For the purpose of this Motion, Mr. Rowe's strained back constituted a serious medical condition.

It is the second element that is problematic to Mr. Rowe's claim. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and citation omitted). "A plaintiff can show that the professional disregarded the need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that 'no minimally competent professional would have so responded under those circumstances.'" *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th

4

Cir. 2011) (quotation marks omitted)).

Applying the relevant legal standards to the undisputed facts viewed in the light most favorable to Nurse Wallen, Mr. Rowe has not shown that Nurse Wallen was deliberately indifferent to his strained back and he is not entitled to judgment as a matter of law.  Specifically, Nurse Wallen encountered Mr. Rowe while delivering medications to his cell on the date of Mr. Rowe's injury.  It is reasonable to infer that Nurse Wallen was passing out medications to multiple inmates at the time Mr. Rowe complained of back pain.  Under such circumstances, if Nurse Wallen stopped to evaluate Mr. Rowe and provide treatment to him, she would have necessarily delayed other inmates' receipt of their prescription medications.  Further, Nurse Wallen articulated, albeit inartfully, her belief that Mr. Rowe's injury was not a medical emergency because he was not about to die.  Given the sparse facts presented, a jury could find that Nurse Wallen was not acting in the absence of professional judgment.  For example, there is no evidence that 1) Nurse Wallen had Mr. Rowe's medical chart or medical history with her to make an informed treatment decision, 2) Nurse Wallen had access to surplus Motrin or other pain medications to treat Mr. Rowe on the spot, or 3) Nurse Wallen was responsible for the delay between the time Mr. Rowe submitted a HCRF and the time he was seen by a medical provider.  A medical professional is entitled to deference in treatment decisions unless "no minimally competent professional would have so responded under those circumstances."  *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008).  A jury could possibly find that Nurse Wallen's response to Mr. Rowe's condition, instructing him to follow the proper procedures for requesting and accessing the prison healthcare system, was reasonable and adequate.  A defendant who responds reasonably does not violate the Eighth Amendment.  *See Farmer v. Brennan,* 511 U.S. 825, 826 (1994)

("prison officials may not be held liable if they prove that they were unaware of even an obvious risk or if they responded reasonably to a known risk, even if the harm ultimately was not averted.").

### IV. CONCLUSION

Trial courts should act with caution in granting summary judgment and may deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial. *Anderson*, 477 U.S. at 255 (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)). The evidence presented for the purpose of Mr. Rowe's motion for partial summary judgment is such "that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.* at 255. Accordingly, Mr. Rowe has failed to show that he is entitled to judgment as a matter of law and his motion for partial summary judgment (Dkt. 24) is **DENIED.**

**SO ORDERED.**

Date: 03/11/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

6

DISTRIBUTION:

Jeffrey Allen Rowe, #116017
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana   46064

James F. Bleeke
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Rachel A. East
BLEEKE DILLON CRANDALL PC
rachel@bleekedilloncrandall.com
Dino L. Pollock
OFFICE OF THE INDIANA ATTORNEY GENERAL
dino.pollock@atg.in.gov

T. Allon Renfro, Jr.
OFFICE OF THE INDIANA ATTORNEY GENERAL
allon.renfro.pollock@atg.in.gov