UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| JEFFREY ALLEN ROWE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 1:11-cv-01110-TWP-DKL |
| AUTUMN BROWN, CORRECTIONAL OFFICER CARLILE, DEBBIE WALLEN, DOCTOR MITCHIEF, MARY MANSFIELD, SERGEANT FLOCKHART, | ) |
| Defendants. | ) |

**Entry Discussing Request to Proceed on Appeal *In Forma Pauperis***

The plaintiff seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id*.

There is no objectively reasonable argument the plaintiff could present to argue that the disposition of this action was erroneous. The plaintiff lists three issues for appeal. Dkt. 101-1 at p. 1. First, he argues that this Court erred by accepting the Corizon defendants' untimely answer and denying his motion to strike Corizon's answer. Second, Rowe argues that this Court erred by denying the plaintiff's request for Entry of default. Both of these arguments are frivolous. Even if defendants' answer was untimely under Federal Rule of Civil Procedure 81(c)(2)(C), the plaintiff would not be entitled to relief on this basis. This action is subject to the requirements of the Prison

Litigation Reform Act ("PLRA"). The Supreme Court has made it clear that "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock,* 549 U.S. 199, 213–14 (2007); 42 U.S.C. § 1997e(g)(2).

The plaintiff's third and final issue on appeal is whether this Court erred in granting the defendants' motions for summary judgment. As presented, this broad issue does not suggest an objectively reasonable argument which suggests that the disposition of this action was erroneous.

In pursuing an appeal, therefore, the plaintiff "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* [dkt. 101] is **denied.**

**IT IS SO ORDERED.**

Date: 05/21/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
Reg. No. 116017
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel